UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SOUKANH PHENG,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:12-cv-00582 - JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF TOM SOUKANH PHENG AND AGAINST DEFENDANT COMMISSIONER OF SOCIAL SECURITY |

Tom Soukanh Pheng ("Plaintiff") asserts he is entitled to disability insurance benefits under the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in evaluating the evidence, and seeks review of the decision denying his claims for benefits. For the reasons set forth below, the administrative decision is **REMANDED**.

### PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on October 6, 2008, alleging disability beginning September 16, 2008. (Doc. 11-6 at 2). The Administration denied his claims initially on December 3, 2008, and upon reconsideration on March 10, 2009. (Doc. 11-2 at 1). After requesting a hearing, Plaintiff testified before an ALJ on November 15, 2010. (Doc. 11-3 at 49).

The ALJ determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on January 6, 2011. (Doc. 11-3 at 11-18). Plaintiff requested a review by the

Appeals Council of Social Security, which declined to review the ALJ's decision on February 24, 2012. *Id.* at 2-4. Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner").

On April 13, 2012, Plaintiff initiated this action by filing his complaint for judicial review of the Commissioner's decision. (Doc. 1). Plaintiff filed his opening brief on November 14, 2012, asserting the ALJ erred in rejecting the opinion of his treating physician and in assessing the credibility of his subjective complaints. (Doc. 13). Defendant filed a brief in opposition on January 11, 2013 (Doc. 16), to which Plaintiff filed a reply on February 22, 2013 (Doc. 20).

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). When a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## **DETERMINATION OF DISABILITY**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* In making these determinations, the ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.927.

**A.    Relevant Medical Opinions**

On December 2, 2008, Dr. Brian Ginsburg completed a physical residual functional capacity assessment. (Doc. 11-8 at 85-91). Dr. Ginsburg opined Plaintiff could lift and carry 10 pounds frequently and 20 pounds occasionally, stand and/or walk about six hours in an eight-hour day, and sit about six hours in an eight-hour day. *Id.* at 86. Further, Plaintiff was able to frequently climb, balance, kneel, and crawl; and occasionally stoop and crouch. *Id.* at 87. Dr. Ginsburg believed Plaintiff did not have any manipulative, visual, communicative, or environmental limitations. *Id.* at 87-88. Accordingly, Dr. Ginsburg concluded Plaintiff was able to perform light work with postural limitations. *Id.* at 91. Dr. Roger Fast reviewed Plaintiff's medical records and affirmed this assessment on March 9, 2009. *Id.* at 145.

Dr. Sunnel Wadhwani and David Osbelt completed a residual functional capacity questionnaire on December 21, 2009. (Doc. 11-9 at 59- 63). According to Mr. Osbelt and Dr. Wadhwani, Plaintiff had visited their office approximately 200 times over the past ten years. *Id.* at 59. The medical providers noted Plaintiff had been diagnosed with renal caluli, gout, osteoarthritis, degenerative disc disease in his lumbar spine, anxiety, depression, a right hip bone cyst, right kidney mass, and mild right hydronephrosis. *Id.* at 60. According to Mr. Osbelt and Dr. Wadhwani, clinical finds and laboratory finds showing Plaintiff's medical impairments included lumbar spine x-ray, an MRI and x-rays of the right hip, a renal ultrasound, and a CT scan of the abdomen. *Id.* Plaintiff's symptoms included abdominal pain, "constant aching and sharp" pain in his low back and right hip, and depression. (Doc. 11-9 at 59). They opined Plaintiff's impairments could be expected to last at least twelve months, and Plaintiff's prognosis was "guarded." *Id.* at 59-60.

According to Dr. Wadhwani and Mr. Osbelt, emotional factors contributed to the severity of Plaintiff's symptoms, and Plaintiff's pain was constantly severe enough to interfere with his attention and concentration. (Doc. 11-9 at 60). They opined Plaintiff was able to maintain attention for about ten minutes at a time, and was incapable of even "low stress" jobs due to his anxiety, depression, and sleep disorder from pain and worry. *Id.* at 60-61. Dr. Wadhwani and Mr. Osbelt believed Plaintiff was able to sit for less than two hours in an eight-hour day, and stand or walk for less than two hours in an eight-hour day. *Id.* at 61. They explained Plaintiff was able to stand for ten minutes at one time, but "can't sit more than 10 [minutes]," without having to "get up and move." *Id.* In addition, Mr. Osbelt and opined Plaintiff could occasionally lift and carry up to ten pounds, but never twenty or fifty pounds. *Id.* at 62.

**B.      Administrative Hearing**

Plaintiff testified with the assistance of an interpreter on the hearing on November 15, 2010. (Doc. 11-3 at 50). He reported he was fifty years old and spoke a little English, but "not very much." *Id.* at 51-52. Plaintiff reported he lived with his wife and three children, and his eldest child paid the rent. *Id.* at 52. According to Plaintiff, he was unable to work due to kidney problems and pain in his back, legs, and arms. *Id.* at 53.

He stated he had "pain all the time" in his lower back, hip, and feet. (Doc. 11-3 at 53). Plaintiff explained both sides of his back were in pain, but the "the right side [was] more painful than the other." *Id.* Plaintiff testified his physicians sent him to a pain specialist, who gave Plaintiff injections and recommended surgery. *Id.* at 53-54.

Plaintiff estimated he was able to lift and carry "up to ten pounds but not comfortably." (Doc. 11-3 at 54). In addition, Plaintiff believed he was able to stand for thirty minutes, but he would have to constantly change positions and would be "in pain[] all the time." *Id.* Likewise, he said he was able to sit "[b]etween 20 and 30 minutes," but could not "sit straight." *Id.* He explained that he stood up at the hearing because he "was suffering severe back pain." *Id.* Plaintiff stated he could stand for two hours and sit two and a half hours in an eight-hour period if given the option to "alternate sitting, standing, or laying down." *Id.* at 54-55. He stated he had "to keep moving all the time." *Id.* at 55. Further, Plaintiff reported he was unable to bend at the waist to pick something off the floor. *Id.* at 56.

Plaintiff reported seeing Drs. Osbelt, Fightlin, and Dumlao for treatment. (Doc. 11-3 at 53). He testified that he took Vicodin, Neurontin, Naprosyn and ibuprofen, which he said helped "a little bit." *Id.* at 55-56.

**C.     The ALJ's Findings**

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after applying for benefits on September 16, 2008. (Doc. 11-3 at 13). Second, the ALJ found Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, radiculitus, arthritis and nephrolithiasis." *Id.* However, these impairments did not meet or medically equal a listing. *Id.* at 14. Next, the ALJ determined Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b), except that [he] is limited to occasional stooping and crouching." *Id.* at 15. With this RFC, the ALJ concluded Plaintiff was "capable of performing past relevant work as a home attendant." *Id.* at 17. Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. *Id.* at 18.

## DISCUSSION AND ANALYSIS

In determining credibility, an ALJ must determine first whether objective medical evidence

shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must make specific findings as to the claimant's credibility by setting forth clear and convincing reasons for rejecting his subjective complaints. *Id.* at 1036. Consequently, an adverse credibility determination must be based on clear and convincing evidence where there is no affirmative evidence of a claimant's malingering and "the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Plaintiff asserts the ALJ improperly assessed his subjective symptom testimony because "[t]here is no clear and convincing evidence to show that the claimant is not credible." (Doc. 13 at 12).

**A.     The ALJ erred in the credibility determination.**

The ALJ reviewed Plaintiff's statements made to physicians to determine his subjective complaints. (Doc. 11-3 at 15-16). The only statement made by the ALJ regarding Plaintiff's credibility is: "[A]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id*. at 16 Defendant asserts the ALJ's credibility determination is supported by the objective medical evidence and the treatments Plaintiff received. (Doc. 16 at 25-26).

Significantly, the Court is constrained to review only the reasoning asserted by the ALJ, and cannot consider post hoc reasoning by Defendant. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting that a reviewing court "is constrained to review the reasons the ALJ asserts"). The ALJ does not identify objective medical records or treatment received as reasons for finding Plaintiff lacked credibility. Although the ALJ summarized the medical evidence to determine the severity of Plaintiff's impairments at step two of the sequential evaluation, the ALJ failed to identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*,

81 F.3d 821, 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Indeed, the ALJ failed to discuss Plaintiff's hearing testimony, and ignored the functional limitations identified by Plaintiff at the administrative hearing.

Moreover, an ALJ may not base an adverse credibility determination solely upon the medical evidence. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989)*; see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (the "lack of medical evidence cannot form the sole basis for discounting pain testimony"). SSR 96-7p, 1996 SSR LEXIS 4, at *2-3 (in determining credibility, statements "may not be disregarded solely because they are not substantiated by objective medical evidence"). Thus, the ALJ's summary of the objective medical evidence does not support her decision to reject Plaintiff's subjective complaints and ignore the testimony given at the administrative hearing.

The ALJ failed to set forth findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Because the ALJ failed to set forth clear and convincing reasons supported by substantial evidence in the record, the credibility determination cannot be upheld.

**B.     Remand is appropriate in this matter.**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed.  *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).  Also, the Ninth Circuit explained that "where the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited," the testimony could be credited as true, and remand is not appropriate.  *Lester*, 81 F.3d at 834 (9th Cir. 1996); *Smolen*, 80 F.3d at 1292.

However, courts retain flexibility in crediting testimony as true.  *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether the plaintiff's testimony should be credited as true).  A remand for further proceedings regarding the credibility of a claimant is an appropriate remedy.  *See, e.g., Bunnell*, 947 F.2d at 348 (affirming the district court's order remanding for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further proceedings evaluating the credibility of [the claimant's] subjective complaints . . .").  Notably, although the ALJ failed to properly reject Plaintiff's credibility using the proper legal standards, it is not clear that Plaintiff would be found to be disabled if his testimony were credited as true.  Therefore, the Court will order the matter remanded for the ALJ to provide sufficient findings.

## CONCLUSION AND ORDER

For all these reasons, the Court concludes the ALJ erred in assessing Plaintiff's credibility as related to his subjective complaints.  As a result, the administrative decision should not be upheld by the Court, and the matter should be remanded for further proceedings.  *See Sanchez*, 812 F.2d at 510. Because the Court finds remand is appropriate on this matter, it will not address the remaining issue raised by Plaintiff in his opening brief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is **REMANDED** for further proceedings consistent with this decision; and

2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Tom Soukanh Pheng and against Defendant, the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **April 13, 2013**               **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE