UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SOUKANH PHENG,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No.: 1:12-cv-00582 - JLT<br><br>ORDER DENYING DEFENDANT'S MOTION TO AMEND THE JUDGMENT<br><br>(Doc. 21) |

On April 15, 2013, the Court ordered this action be remanded to an administrative law judge for further proceedings. (Doc. 21). Currently before the Court is Defendant's motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 23). For the following reasons, the motion is **DENIED**.

**I.   Procedural History**

Tom Soukanh Pheng ("Plaintiff") filed an application for disability insurance benefits on October 6, 2008. (Doc. 11-6 at 2). His claims were denied by the Administration initially and upon reconsideration. (Doc. 11-2 at 1). After requesting a hearing, Plaintiff testified before an administrative law judge ("ALJ") on November 15, 2010. (Doc. 11-3 at 49).

The ALJ determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on January 6, 2011. (Doc. 11-3 at 11-18). Plaintiff requested a review by the Appeals Council of Social Security, which declined to review the ALJ's decision on February 24,

2012. *Id.* at 2-4. Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner").

On April 13, 2012, Plaintiff initiated this action by filing his complaint for judicial review of the Commissioner's decision. (Doc. 1). Plaintiff filed his opening brief on November 14, 2012, asserting the ALJ erred in rejecting the opinion of his treating physician and in assessing the credibility of his subjective complaints. (Doc. 13). Defendant filed a brief in opposition on January 11, 2013 (Doc. 16), to which Plaintiff filed a reply on February 22, 2013 (Doc. 20).

The Court found the ALJ erred in evaluating Plaintiff's credibility, and ordered the decision of the administrative law judge remanded for further proceedings. (Doc. 21). Accordingly, judgment was issued in favor of Plaintiff on April 15, 2013. (Doc. 22). Defendant seeks to have the judgment be amended in favor of the Commissioner. (Doc. 23).

## II. Legal Standard

A district courts may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Ninth Circuit explained,

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

## III. Discussion and Analysis

Defendant asserts "relief under Rule 59(e) is appropriate in this case because of manifest errors of fact." (Doc. 23 at 2). According to Defendant, the Court erred in finding the ALJ failed to properly

1  reject Plaintiff's credibility because the ALJ "cited five credibility factors as reasons for discounting
2  Plaintiff's allegations of total disability, all of which are supported by the Commissioner's regulations
3  and/or Ninth Circuit law." *Id.* Specifically, Defendant contends the ALJ rejected Plaintiff's
4  credibility because (1) he had a poor work and medical history; (2) he stopped working for a non-
5  medical reason; (3) his treatment has been conservative; (4) his allegations of disabling back pain and
6  hip pain are inconsistent with objective medical records;" and (5) "[a]lthough Plaintiff alleges
7  disability due to kidney stones, he was non-compliant with his prescribed medication, and he had not
8  passed a kidney stone in many months, which suggests that his condition stabilized." *Id.* at 3-6.

9        Defendant asserts the ALJ "expressly stated she based her findings on 'careful consideration of
10 the entire record," and the ALJ was not required to "recite 'magic' words explaining her analysis."
11 (Doc. 23 at 7) (citing *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("It is true that the ALJ
12 did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because. . .' But our
13 cases do not require such an incantation" a reviewing court is "not deprived of [its] faculties for
14 drawing specific and legitimate inferences from the ALJ's opinion"). Accordingly, Defendant
15 contends the ALJ was not required to further explain her credibility analysis, because the reasons
16 discussed above are sufficient to reject a claimant's credibility.

17       Significantly, however, the Court observed previously that the ALJ failed to address Plaintiff's
18 testimony from the administrative hearing, and Defendant does not dispute this fact. The Ninth Circuit
19 requires an ALJ to "specifically identify what testimony is credible and what evidence undermines the
20 claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (emphasis added); *see*
21 *also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (an ALJ "**must state which pain testimony is**
22 **not credible** and what evidence suggests the complaints are not credible"); *Lester v. Chater*, 81 F.3d
23 821, 834 (9th Cir. 1996) ("the ALJ **must identify what testimony is not credible** and what evidence
24 undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); *Parra v.*
25 *Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ must provide 'clear and convincing' reasons to
26 reject a claimant's subjective testimony, **by specifically identifying what testimony is not credible**
27 and what evidence undermines the claimant's complaints"). The ALJ's failure to specifically discuss
28 and identify what portions of Plaintiff's testimony she found not credible constituted a failure to apply

the correct legal standard in assessing plaintiff's subjective pain and symptom testimony.  Accordingly, the reasons for rejecting Plaintiff's credibility could not be upheld by the Court.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987) (an ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence).

Although Defendant asserts the ALJ "properly considered Plaintiff's subjective allegations of total disability and gave good reasons explaining why she found them less than fully credible," the Ninth Circuit requires more.  "General findings," such as the ALJ provided here, "are insufficient." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (citations omitted).  "[R]ather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* Here, the ALJ failed to do so, and therefore did not apply the proper legal standards.

## IV.     Conclusion and Order

For the foregoing reasons, Defendant has not shown relief under Rule 59(e) is proper and that the judgment previously entered should be amended.  Accordingly**, IT IS HEREBY ORDERED** that Defendant's motion to amend the judgment is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 2, 2013**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE